John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street
Suite 200
San Jose, CA. 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Of Counsel:

John T. Mitchell, D.C. Bar #418413
INTERACTION LAW
1629 K Street NW, Suite 300
Washington D.C., 20006
(202) 415-9213 (phone)

Attorneys for Defendants
A & S ELECTRONICS, INC., d/b/a
TRUSTPRICE.COM, and ALAN Z. LIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation;<br><br>     Plaintiff,<br><br>v.<br><br>A&S ELECTRONICS, INC., a California corporation, d/b/a TRUSTPRICE.COM; ALAN Z. LIN, an individual; and JOHN DOES 1-5;<br><br>     Defendants. | Case No. C08 02321 BZ<br><br>ANSWER<br><br>DEMAND FOR JURY TRIAL |

Defendants A & S Electronics, Inc., dba TrustPrice.com ("A&S Electronics"), and Alan Z. Lin hereby answer the complaint of Microsoft Corporation ("Microsoft") as follows:

INTRODUCTION

1.   The allegations of this paragraph state legal conclusions

1

as to which no answer is required.

2.    Defendants admit that Microsoft is a corporation and that it is engaged in the software business.  Defendants lack information or belief sufficient to respond to the allegations of this paragraph.

3.    Admit that A&S Electronics, Inc., dba TrustPrice.com, is a California corporation with its principal place of business in Milpitas, California.  Admit that A&S Electronics distributes computer software and components through the web site www.trustprice.com.  Deny that Microsoft has suffered damages or other harm as a direct and proximate result of any alleged wrongful conduct by A&S Electronics.

4.    Admit that Alan Z. Lin resides in Fremont, California, and that he is the registered agent for A & S Electronics.  Deny that Lin personally participated in or supervised, directed, or controlled any wrongful conduct.  Deny that Lin derived direct financial benefit from or that he may be held personally liable for any alleged wrongful conduct by A&S Electronic.  Deny that Microsoft has suffered damages or other harm as a result of any alleged wrongful conduct by Lin.

5.    Defendants lack information or belief sufficient to admit or deny the allegations of the first sentence of this paragraph. Defendants deny the allegations of the second and third sentences of this paragraph.

6.    The allegations of this paragraph state legal conclusions as to which no answer is required.

7.    The allegations of this paragraph state legal conclusions as to which no answer is required.

8.    The allegations of this paragraph state legal conclusions as to which no answer is required.

INTRADISTRICT ASSIGNMENT

9.    The allegations of this paragraph state a legal conclusion to which no response is required.

FACTS COMMON TO ALL CLAIMS

10.    Admit that Microsoft develops computer software programs. Defendants lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and puts Microsoft to strict proof thereof.

11.    Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof

12.    The reference to Microsoft's "partners" is so vague and ambiguous as to preclude a response.  In addition, defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

13.    Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

14.    Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants nevertheless contend and admit that Microsoft attempts to suppress geographic competition beyond the scope of its copyrights and to impose extra-copyright restrictions on the non-infringing use and enjoyment of its works.

15.    Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to

strict proof thereof.

16.  Admit that Microsoft has developed a software program known as "Microsoft Windows 98."  Defendants lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and put Microsoft to strict proof thereof.

17.  Admit that Microsoft has developed an operating system software known as "Microsoft Windows XP Professional."  Defendants lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and put Microsoft to strict proof thereof.

18.  Admit that Microsoft has developed software known as "Microsoft Office Ultimate 2007."  Defendants lack information or belief sufficient to admit or deny the remaining allegations of this paragraph and put Microsoft to strict proof thereof.

DEFENDANTS' UNLAWFUL CONDUCT

19.  Deny.

20.  Admit that A&S Electronics advertises and sells software, including Microsoft software, in interstate commerce through the website www.trustprice.com.  Deny that this software is "infringing."  The remaining allegations of this paragraph are denied.

21.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

22.  Admit.

23.  Defendants lack information or belief sufficient to admit or deny the allegations of the first and second sentences of this paragraph and put Microsoft to strict proof thereof.  Defendants

4

deny the allegations of the third sentence of this paragraph.

24.  Admit that Microsoft sent a letter to A & S.  The letter in question, if provided and authenticated, speaks for itself and defendants deny all characterizations of the contents of the letter by Microsoft inconsistent therewith.

25.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants deny that they sold infringing software.

26.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

27.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants deny that they sold infringing software.

28.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants deny that they sold infringing software.

29.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants deny that they sold infringing software.

30.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.  Defendants deny that they sold infringing software.

Answer, Case No. C08 02321 BZ

31.  Defendants deny the allegations of this paragraph, including any allegation that Microsoft is entitled to the requested relief.  Defendants further state that the third sentence of this paragraph states legal conclusions as to which no response is required.

<u>CLAIM I</u>

<u>(Copyright Infringement, 17 U.S.C. § 501, et seq.)</u>

32.  Defendants repeat and reallege their responses to paragraphs 1 through 31.

33.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

34.  Deny.

35.  Deny.

36.  Deny.

37.  Deny.

38.  Deny.

39.  Deny.

<u>CLAIM II</u>

<u>(Infringing Importation of Copyrighted Works,</u>

<u>17 U.S.C. § 602)</u>

40.  Defendants repeat and reallege their responses to paragraphs 1 through 39.

41.  Defendants lack information or belief sufficient to admit or deny the allegations of this paragraph and put Microsoft to strict proof thereof.

42.  Deny.

43.  Deny.

Answer, Case No. C08 02321 BZ

1    44.   Deny.

2    45.   Deny.

3    46.   Deny.

4    47.   Deny.

5                          CLAIM III

6    (Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2))

7    48.   Defendants repeat and reallege their responses to

8    paragraphs 1 through 47.

9    49.   Deny.

10   50.   Deny.

11   51.   Deny.

12   52.   Deny.

13   53.   Deny.

14                      AFFIRMATIVE DEFENSES

15                   First Affirmative Defense

16   The complaint fails to state a claim for which relief may be

17   granted.

18                   Second Affirmative Defense

19   On information and belief, Microsoft is estopped from

20   asserting any claim that the software is counterfeit or otherwise

21   infringing.

22                   Third Affirmative Defense

23   Plaintiff's claims are barred by the first sale doctrine.

24                   Fourth Affirmative Defense

25   Plaintiff's claims are barred by the defendants' statutory

26   entitlement, under Section 109 of the Copyright Act, to

27   redistribute non-infringing copies of Microsoft's works without the

28   consent of Microsoft.

                              7

1    <u>Fifth Affirmative Defense</u>

2    Some or all of Microsoft's claims are barred by the doctrine

3    of fair use.

4    <u>Sixth Affirmative Defense</u>

5    On information and belief, the defendants' conduct is legally

6    privileged.

7    <u>Seventh Affirmative Defense</u>

8    Defendants deny that they have sold infringing copies of

9    software.

10    <u>Eighth Affirmative Defense</u>

11    On information and belief, some or all of Microsoft's claims

12    are barred by the doctrine of unclean hands, including Microsoft's

13    effort to bootstrap its limited copyrights into a tool for

14    enforcing price discrimination and the elimination of the very

15    price competition that the first sale doctrine and Section 109 of

16    the Copyright Act encourage.

17    <u>Ninth Affirmative Defense</u>

18    On information and belief, some or all of plaintiff's claims

19    are barred by the applicable statute of limitations.

20    <u>Tenth Affirmative Defense</u>

21    On information and belief, some or all of plaintiff's claims

22    are barred by the doctrine of laches.

23    <u>Eleventh Affirmative Defense</u>

24    Microsoft has failed to take reasonable steps to mitigate its

25    alleged damages.

26    <u>Twelfth Affirmative Defense</u>

27    On information and belief, Microsoft has failed to join

28    necessary or indispensable parties.

8

Thirteenth Affirmative Defense

No privity of contract exists between plaintiff Microsoft and these defendants.

Fourteenth Affirmative Defense

Microsoft's claims are contrary to public policy.

Fifteenth Affirmative Defense

Microsoft's claims, in furtherance of its methods of controlling uses of its work beyond the scope of its copyrights, seek to suppress speech that is un-restricted by copyright and is, therefore, fully protected by the First Amendment, thereby placing beyond the aid of a United States court of law Microsoft's efforts to suppress it.

Sixteenth Affirmative Defense

Microsoft's method of controlling distribution, as outlined in its claims, reaches beyond the scope of its authority under the Copyright Act, attempts to deny owners of lawfully made copies the rights Congress vested in them and denied to the copyright holder, and attempts to nullify the limitations on copyrights set forth in the Copyright Act, thereby constituting copyright misuse and rendering Microsoft's copyrights unenforceable so long as such misuse continues.

The defendants reserve the right to amend and supplement these affirmative defenses as further proceedings may warrant.

PRAYER FOR RELIEF

WHEREFORE, defendants A & S Electronics, Inc., dba TrustPrice.com, and Alan Z. Lin, pray that plaintiff Microsoft

9

Corporation take nothing on its complaint, for an award of costs
and attorneys' fees as permitted by law (including under § 505 of
the Copyright Act), and for such other relief as may be
appropriate.


                                GORMAN & MILLER, P.C.


                        By:_____/s/_____
                            JOHN C. GORMAN
                            Attorneys for Defendants
                            A&S Electronics, Inc., dba
                            Trustprice.com, and Alan Z. Lin




                    DEMAND FOR JURY TRIAL

    Pursuant to Fed. R. Civ. P. 38(b), defendants hereby demand
trial by jury.


                                GORMAN & MILLER, P.C.


                        By:_____/s/_____
                            JOHN C. GORMAN
                            Attorneys for Defendants
                            A&S Electronics, Inc., dba
                            Trustprice.com, and Alan Z. Lin

Answer, Case No. C08 02321 BZ