| | |
|---|---|
| Esha Bandyopadhyay (Bar No. 212249)<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, California 94025-1114<br>Phone: (650) 838-4300<br>Fax: (650) 838-4350<br>Email: bande@perkinscoie.com<br><br>Scott T. Wilsdon (*pro hac vice*)<br>Jeremy E. Roller (*pro hac vice*)<br>Matthew A. Carvalho (Bar No. 194163)<br>Yarmuth Wilsdon Calfo PLLC<br>925 Fourth Avenue, Suite 2500<br>Seattle, Washington 98104<br>Phone: (206) 516-3800<br>Fax: (206) 516-3888<br>Email: wilsdon@yarmuth.com<br>    jroller@yarmuth.com<br>    mcarvalho@yarmuth.com<br><br>Attorneys for Plaintiff Microsoft Corporation | John C. Gorman, #91515<br>Charles J. Stiegler, #245973<br>GORMAN & MILLER, P.C.<br>210 North Fourth Street<br>Suite 200<br>San Jose, CA. 95112<br>(408) 297-2222 (phone)<br>(408) 297-2224 (fax)<br><br>Of Counsel:<br><br>John T. Mitchell, D.C. Bar #418413<br>INTERACTION LAW<br>1629 K Street NW, Suite 300<br>Washington D.C., 20006<br>(202) 415-9213 (phone)<br><br>Attorneys for Defendants<br>A & S ELECTRONICS, INC., d/b/a<br>TRUSTPRICE.COM, and ALAN Z. LIN |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a<br>Washington corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>A&S ELECTRONICS, INC., a California<br>corporation, d/b/a TRUSTPRICE.COM;<br>ALAN Z. LIN, an individual; and JOHN<br>DOES 1-5,<br><br>            Defendants. | NO. CV 08-02321 CW<br><br>**JOINT CASE MANAGEMENT PLAN**<br><br>Date:  August 19, 2008<br>Time:  2:00 p.m.<br>Place:  Ct. 2, 4th Floor,<br>1301 Clay Street, Oakland, CA<br><br>**HON. CLAUDIA WILKEN** |

Plaintiff Microsoft Corporation, by and through its undersigned counsel of record, and defendants A&S Electronics, Inc. ("A&S Electronics") and Alan Z. Lin ("Lin") (collectively, "A&S"), by and through their undersigned counsel of record, having met and conferred with respect to the matters set forth herein, hereby submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**.

This Court has subject matter jurisdiction over Microsoft's claims for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a), and venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The principal place of business of Defendant A&S Electronics is in Milpitas, California and defendant Lin resides in Fremont, California. The Defendants were served on May 6, 2008 by personal service and have timely answered.

Microsoft contends that discovery may reveal the identity of Doe Defendants, who have yet to be served.

2. **Facts**.

Microsoft contends that on or about July 22, 2005, a Microsoft investigator ordered one unit of Microsoft Windows XP Professional from a business in Oklahoma known as Icomp, LLC and that the product was received with a shipping label that set forth a return address that was known to be an address of A&S Electronics in Milpitas. Microsoft alleges that it examined the software and determined that it infringed its copyrights because it was Microsoft Student Media software ("Student Media"), which Microsoft contends that the Defendants are not authorized to use or distribute. On or about August 18, 2005, Microsoft sent A&S Electronics a letter claiming that it had distributed infringing Microsoft volume license software and demanding that it immediately cease and desist such infringing activity. Microsoft contends that despite this warning, the A&S Defendants continued to distribute infringing Microsoft software. On April 11, 2006, a Microsoft investigator ordered one unit of Microsoft Windows 98 from the A&S Defendants' website, www.trustprice.com. Microsoft asserts that upon examination it determined that the product was infringing because it was intended for distribution under Microsoft's "Fresh Start" program, and that CD artwork, part number and text indicating this intended use had been removed from the face of the CD.

Microsoft claims that in or about July and August 2007, it received complaints from individuals who reported receipt of "Not for Resale" Microsoft software purchased from the A&S Defendants' website, www.trustprice.com. According to Microsoft, subsequent purchases of Windows XP Professional software by Microsoft investigators on February 11 and February 20, 2008

were determined to be infringing Student Media software which Defendants are not authorized to distribute. Additionally, Microsoft contends the software was unlawfully imported to the United States.

Microsoft also contends that on or about April 2 and April 9, 2008, Microsoft investigators purchased "Microsoft Office 2007 Professional License (Keycode Only-No CD-Download Software Online)" from the A&S Defendants' website, www.trustprice.com. Microsoft asserts that the A&S Defendants sent the keycode to the investigators by use of their email address, sales@trustprice.com and that its examination of the keycodes reflected that both were wrongfully obtained and illicitly distributed Microsoft Product Keys.

A&S is a distributor of software products. Defendants deny that they have sold (knowingly or otherwise) any counterfeit or infringing Microsoft software as alleged in this lawsuit. Defendants contend that they buy and resell only lawfully made copies of genuine Microsoft software from reputable vendors in the secondary market, which software is carefully inspected and confirmed by the defendants to be genuine upon its receipt. Defendants further assert that they have sold or otherwise distributed only genuine copies of Microsoft software, which they had a legal right to convey and transfer to third parties.

The defendants also deny the allegations made by Microsoft that they have imported copies of Microsoft software. The defendants further deny that they have trafficked in counterfeit or unauthorized "product keys" or "keycodes" for Microsoft software, or that they have otherwise unlawfully circumvented any technological measure that controls access to copyrighted Microsoft software. Defendants contend that all "product keys" or "keycodes" distributed by the defendants are genuine and authorized by Microsoft.

The defendants believe that there is no question that the Microsoft products in question were genuine and that Microsoft transferred ownership of them to others before A&S purchased them in the secondary market for resale consistent with the "first sale doctrine." Defendants assert that Microsoft as the copyright proprietor has already received its reward for distribution of the software products in question and has no further right to restrain alienation.

One or more parties believe that the **principal factual issues in dispute are as follows:**

(1) Whether the copies of the software sold or distributed by the defendants were manufactured under the authority of the copyright owner?

(2) Whether the defendants have trafficked in counterfeit "product keys" or "keycodes" for any Microsoft software?

(3) Whether Microsoft sold or otherwise distributed the copies of the software in question in bona fide transactions such that ownership of the copies vested in vested in the transferee?

(4) Whether Microsoft licensed the reproduction of the copies of its works identified in the Complaint such that ownership of the licensed copies vested in the licensee?

(5) Whether Microsoft licensed the reproduction of the copies of its works identified in the Complaint such that ownership of the licensed copies vested in third parties?

(6) Whether Lin has engaged in any conduct that would make him liable for any claim asserted by Microsoft?

3. **Primary Legal Issues.**

One or more parties believe that the following legal issues must be resolved:

(1) Whether the A&S Defendants have infringed Microsoft's registered copyrights by importing and/or distributing Microsoft software and components, without approval or authorization from Microsoft and/or without authorization by law, in violation of 17 U.S.C. §§ 501, 602?

(2) Whether the A&S Defendants trafficked in counterfeit and/or unauthorized Product Keys, in violation of 17 U.S.C. § 1201(a)(2)?

(3) Whether the A&S Defendants' actions were willful, as defined by 17 U.S.C. § 504(c)(2)?

(4) Whether the First Sale doctrine bars some or all of Microsoft's claims?

(5) Whether Microsoft's claims are barred by the defendants' statutory entitlement, under Section 109 of the Copyright Act, to redistribute non-infringing copies of Microsoft's works without the consent of Microsoft?

(6) The impact of <u>Quality King Distributors, Inc. v. L'anza Research International, Inc.</u>, 523 U.S. 135 (1998), on this case?

    (7)    Whether some or all of Microsoft's claims are barred by the doctrine of fair use or privilege?

    (8)    Whether Microsoft has engaged in illegal price discrimination, anticompetitive conduct, or other acts of unclean hands?

    (9)    Whether Microsoft has engaged in copyright misuse?

    (10)    Whether any or all of Microsoft's claims are barred by the statute of limitations or laches?

    (11)    Whether Microsoft's attempts to control use of its works beyond the scope of copyright violate First Amendment rights?

    (12)    Whether Microsoft's "product keys" and "keycodes" are protected by the Digital Millennium Copyright Act?

    (13)    Whether Microsoft's alleged geographic restrictions on the distribution of Microsoft products are valid and enforceable?

    (14)    Whether Microsoft's alleged restrictions on the distribution of "educational" software are valid and enforceable?

    (15)    What damages, if any, Microsoft is entitled to recover?

    (16)    Whether Microsoft has taken reasonable steps to mitigate any alleged damages?

4.    **Motions**.

There are no previous or pending motions in this matter.

Following discovery, all parties anticipate filing motions for summary judgment.

5.    **Amendment of Pleadings**.

The parties do not currently expect to amend any parties, claims, or defenses, but reserve their right to do so. The parties propose a deadline of December 1, 2008 for amending the pleadings.

6.    **Evidence Preservation**.

Microsoft requests that Defendants preserve any and all copies of Microsoft Student Media software in their possession; copies of all business records, invoices, billing statements, orders and shipping records relating to their sales and purchases of any Microsoft products; records containing contact information for the companies and/or individuals from whom they acquired any Microsoft

products for resale, including addresses, telephone numbers, email addresses and website addresses; and copies of any correspondence, email or otherwise, relating to any Microsoft software or products they have acquired and/or distributed.

The A&S Defendants ask that Microsoft preserve any and all evidence relating to the defendants' alleged copyright and/or DMCA infringement, Microsoft's relationship with the defendants, Microsoft's Student Media program, Microsoft's "Authorized Education Reseller" program, Microsoft's "Fresh Start" program, product keys or keycodes for Microsoft software, any other technological measures designed to control access to Microsoft software, Microsoft's international manufacturing and distribution program, any alleged geographic restrictions placed on the sale or transfer of Microsoft software, Microsoft's efforts to investigate allegedly unlawful or infringing software, Microsoft's instructions to employees or agents charged with identifying infringement of Microsoft's copyrights, Microsoft's licenses to the general public to reproduce all or a portion of any of the Microsoft works identified in the complaint, any and all purchases of software from Trustprice.com by Microsoft or its agents, Microsoft's alleged damages, and any and all other evidence relevant to the claims and defenses at issue in this case.

7. **Disclosures**.

Microsoft and the A&S Defendants will timely exchange their initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26(a).

Plaintiff Microsoft represents that it will disclose (i) the names and relevant information regarding known fact witnesses, (ii) evidence relevant to its case (copyright and registrations, allegedly infringing Microsoft products distributed by Defendants in Microsoft's possession, and the invoices for the allegedly infringing Microsoft products acquired by investigators), and (iii) the applicable damages and statutory references thereto.

The A&S Defendants will disclose such information as required by Fed. R. Civ. P. 26(a).

8. **Discovery**.

Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), will be exchanged as noted in Paragraph 7 above. No other discovery has been conducted to date.

The parties do not currently anticipate the need for modifications to the limitations on

1  discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules. The parties,
2  however, reserve their right to request modification or limitations on discovery as this case proceeds.
3  The parties have agreed on a proposed discovery plan as set forth in their accompanying Rule
4  26(f) Report of Meeting.
5  9.  **Class Actions**.
6  Not applicable.
7  10. **Related Cases**.
8  Not applicable.
9  11. **Relief**.
10     a.  **Damages**: Microsoft will seek to recover actual damages, which include its losses and
11  all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. §§
12  504(b) and 1203(c)(2). Alternatively, Microsoft may decide to elect to pursue a claim for statutory
13  damages pursuant to 17 U.S.C. §§ 504(c) and 1203(c)(3). In addition, because Microsoft alleges that
14  Defendants' infringement has been willful within the meaning of the Copyright Act, Microsoft
15  contends that any award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).
16  The A&S Defendants deny that Microsoft is entitled to any award of actual or statutory
17  damages.
18     b.  **Bases for damage calculation**: Microsoft contends that actual damages should be
19  calculated based on the (i) lost sales and foregone profits to Microsoft caused by Defendants'
20  infringing conduct, (ii) internal costs to Microsoft of investigating Defendants' infringing conduct, and
21  (iii) profits directly attributable to Defendants' sales of infringing Microsoft products. Microsoft
22  contends that statutory damages on its copyright infringement claims will be calculated based on the
23  number of Microsoft copyright infringements, with each copyright infringement assessed at no less
24  than $750 and no more than $30,000, for non-willful infringements, and no more than $150,000 each
25  for willful infringement. Microsoft contends that it is entitled to statutory damages on its DMCA
26  claim of not less than $200 or more than $2,500 per Product Key.
27  As noted above, the A&S Defendants deny that Microsoft is entitled to any award of actual or
28  statutory damages.

     c.    **Accounting**: Microsoft will seek an order, pursuant to 17 U.S.C. § 504, requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their distribution or sale of infringing Microsoft software and/or materials, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities.

     The A&S Defendants deny that Microsoft is entitled to an accounting.

     d.    **Injunctive Relief**: Microsoft will seek a preliminary and permanent injunctive relief pursuant to 17 U.S.C. §§ 502 and 1203(b)(1) to prohibit Defendants from continuing their allegedly infringing conduct.

     The A&S Defendants deny that Microsoft is entitled to injunctive relief.

     e.    **Impoundment Order**: Microsoft may seek an order, pursuant to 17 U.S.C. §§ 503(a), 509(a), and 1203(b), and 28 U.S.C. § 1651(a), impounding all infringing Microsoft software and/or materials, or any Microsoft documentation or packaging, and any related items, including business records, that are in Defendants' possession or under their control, and ordering the return, remedial destruction, or other appropriate disposition of all impounded items.

     The A&S Defendants deny that Microsoft is entitled to an impoundment order.

     f.    **Constructive Trust**: Microsoft may seek an order, pursuant 17 U.S.C. § 504(b) declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, all "profits" received by Defendants from their importation, distribution or sale of infringing Microsoft software and/or materials, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

     The A&S Defendants deny that Microsoft is entitled to a constructive trust.

     g.    **Attorney's Fees/Costs**: Microsoft will also seek to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

     Defendants likewise will seek recovery of attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

12.    **Settlement and Alternative Dispute Resolution**.

     The parties are currently exploring possible settlement options and have elected Mediation

(ADR L.R. 6) as their ADR process. The ADR plan was previously filed in accordance with the Court's scheduling order.

The parties expect to review the initial disclosures prior to engaging in mediation. The parties may also want to conduct a limited number of depositions in order to be in a better position to negotiate a resolution.

13. **Consent to Magistrate Judge for All Purposes**.

The parties do not consent to having a magistrate judge. However, the parties will consent to a referral to a magistrate judge for discovery issues.

14. **Other References**.

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**.

Not applicable.

16. **Expedited Schedule**.

Not applicable.

17. **Scheduling**.

The parties propose the following case scheduling deadlines:

| | |
|---|---|
| Deadline to add additional parties: | October 1, 2008 |
| Fact Discovery Cut-Off: | February 16, 2009 |
| Expert disclosures: | March 6, 2009 |
| Expert Discovery Cut-Off: | April 17, 2009 |
| Dispositive Motions Filing Deadline: | May 7, 2009 |
| Pre-Trial Conference: | July 21, 2009 |
| Trial Date: | August 10, 2009 |

18. **Trial**.

The A&S Defendants have requested a trial by jury. The parties expect that the trial will last approximately five days.

19. **Disclosure of Non-Party Interested Entities or Persons**.

Both parties have filed the required Certification of Interested Entities or Persons under Civil Local Rule 3-16.

20. **Other Matters**.

Not applicable.

DATED this 12th day of August, 2008.

| | |
|---|---|
| PERKINS COIE LLP | GORMAN & MILLER, P.C. |
| By: /s/ Esha Bandyopadhyay<br>Esha Bandyopadhyay (Bar No. 212249)<br>bande@perkinscoie.com<br>101 Jefferson Drive<br>Menlo Park, California 94025-1114<br>Phone: (650) 838-4370<br>Fax:    (650) 838-4350 | By: /s/ John C. Gorman<br>John C. Gorman (Bar No. 91515)<br>jgorman@gormanmiller.com<br>Charles J. Stiegler (Bar No. 245973)<br>cstiegler@gormanmiller.com<br>210 North Fourth St., Suite 200<br>San Jose, California 95112<br>Phone: (408) 297-2222<br>Fax:    (408) 297-2224 |
| YARMUTH WILSDON CALFO PLLC | INTERACTION LAW |
| By: /s/ Jeremy E. Roller<br>Scott T. Wilsdon (*pro hac vice*)<br>wilsdon@yarmuth.com<br>Jeremy E. Roller (*pro hac vice*)<br>jroller@yarmuth.com<br>Matthew A. Carvalho (Bar No. 194163)<br>mcarvalho@yarmuth.com<br>925 Fourth Avenue, Suite 2500<br>Seattle, Washington 98104<br>Phone: (206) 516-3800<br>Fax:    (206) 516-3888 | By: /s/ John T. Mitchell<br>John T. Mitchell (*pro hac vice*)<br>mitchell@interactionlaw.com<br>1629 K Street, NW<br>Suite 300<br>Washington, DC 20006<br>Phone: (202) 415-9213<br>Fax:    (202) 318-9169 |
| Attorneys for Plaintiff<br>**MICROSOFT CORPORATION** | Attorneys for Defendants<br>**A&S ELECTRONICS and ALAN Z. LIN** |

425.32 ih121503 8/12/08