| | | |
|---|---|---|
| 1 | Esha Bandyopadhyay (Bar No. 212249)<br>Perkins Coie LLP<br>101 Jefferson Drive<br>Menlo Park, California 94025-1114<br>Phone: (650) 838-4300<br>Fax: (650) 838-4350<br>Email: bande@perkinscoie.com<br><br>Scott T. Wilsdon (*pro hac vice*)<br>Jeremy E. Roller (*pro hac vice*)<br>Matthew A. Carvalho (Bar No. 194163)<br>Yarmuth Wilsdon Calfo PLLC<br>925 Fourth Avenue, Suite 2500<br>Seattle, Washington 98104<br>Phone: (206) 516-3800<br>Fax: (206) 516-3888<br>Email: wilsdon@yarmuth.com<br>       jroller@yarmuth.com<br>       mcarvalho@yarmuth.com<br><br>Attorneys for Plaintiff Microsoft Corporation | John C. Gorman, #91515<br>Charles J. Stiegler, #245973<br>GORMAN & MILLER, P.C.<br>210 North Fourth Street<br>Suite 200<br>San Jose, CA. 95112<br>(408) 297-2222 (phone)<br>(408) 297-2224 (fax)<br><br>Of Counsel:<br><br>John T. Mitchell, D.C. Bar #418413<br>INTERACTION LAW<br>1629 K Street NW, Suite 300<br>Washington D.C., 20006<br>(202) 415-9213 (phone)<br><br>Attorneys for Defendants<br>A & S ELECTRONICS, INC., d/b/a<br>TRUSTPRICE.COM, and ALAN Z. LIN | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>A&S ELECTRONICS, INC., a California corporation, d/b/a TRUSTPRICE.COM; ALAN Z. LIN, an individual; and JOHN DOES 1-5,<br><br>    Defendants. | NO. CV 08-02321 CW<br><br>**FED. R. CIV. P. 26(f) REPORT** |

On July 29, 2008, counsel for Plaintiff Microsoft Corporation ("Microsoft") and Defendants A&S Electronics, Inc. ("A&S Electronics") and Alan Z. Lin ("Lin") (collectively, the "A&S Defendants") met by telephone conference pursuant to Fed. R. Civ. P. 26(f) to confer regarding the nature of claims and defenses, Rule 26(a)(1) disclosures, and to develop a proposed discovery plan. The following is a result of this conference.

1.  Initial Disclosures.

> The parties will exchange their Fed. R. Civ. P. 26(a) initial disclosures within 14 days of the parties' Fed. R. Civ. P. 26(f) conference.

2.  Plaintiff--Subject Matter of Discovery.

> As of this time, Plaintiff intends to serve discovery requests regarding, but not necessarily limited to, Defendants' sales records, customer records, shipping records, information regarding other individuals and/or entities from whom Microsoft product was received and to whom Microsoft product was marketed, sold, provided or distributed, bank accounts and financial information, employee identification and information, the computers each defendant used in their business operations, and any profits made from the sales of Microsoft products. Plaintiff may seek to depose Defendants and other identified fact witnesses, as well as any experts identified by Defendants. Plaintiff reserves its right to seek discovery on other relevant issues based upon its further investigation and discovery.

3.  Defendant--Subject Matter of Discovery.

> Defendants plan to serve discovery requests relevant to any and all allegations in Microsoft's complaint and defendants' affirmative defenses. Relevant topics include, but are not necessarily limited to, Microsoft's sale and distribution of software products, including copies of and licenses to the Microsoft works identified in the complaint, relationship with the defendants, Microsoft's Student Media program, Microsoft's "Authorized Education Reseller" program, Microsoft's "Fresh Start" program, product keys for Microsoft software, any other technological measures designed to control access to Microsoft software, Microsoft's domestic and international manufacturing and distribution program, any alleged geographic restrictions placed on the sale or transfer of authorized copies of Microsoft software, any indicia of ownership or lack of ownership by Microsoft of copies of the works identified in the Complaint, Microsoft's efforts to investigate allegedly unlawful or infringing distribution of copies of Microsoft's works, any and all purchases of copies of the software in controversy in this case by Microsoft or its agents, and Microsoft's alleged damages. Defendants reserve the right to seek discovery on other issues based upon its further

investigation and discovery.

Defendants may seek to depose one or more Microsoft representatives, including pursuant to Fed. R. Civ. P. 30(b)(6), and any experts identified by Microsoft. Defendants also reserve the right to depose any fact witnesses identified during the course of discovery.

4. Discovery Deadlines.

The parties submit the following suggested deadlines for discovery:

| | |
|---|---|
| Fact Discovery Deadline: | February 16, 2009 |
| Expert Disclosure Deadline: | March 6, 2009 |
| Expert Discovery Deadline: | April 17, 2009 |

5. Electronic Discovery.

The parties agree that no changes or additions should be made to the rules concerning the disclosure and discovery of electronically stored information imposed under the applicable Federal Rules of Civil Procedure and the Local Civil Rules.

6. Claims of Privilege or of Protection as Trial Preparation Material.

The parties have no current agreement on this issue to submit to the Court and expect to assert any such claims if and when they arise.

7. Directives or Limitations on Discovery.

The parties agree that no changes or additions should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules. The parties agree that there is no need to conduct discovery in phases.

8. Other Orders Pursuant to Rule 26(c) or under Rule 16(b) and (c).

The parties reserve the right to circulate and request entry of a Protective Order to the extent necessary. The parties will comply with this Court's requirements for protective orders and the treatment of confidential information.

1 | DATED this 12th day of August, 2008.

2

| PERKINS COIE LLP | GORMAN & MILLER, P.C. |
|---|---|
| By: /s/ Esha Bandyopadhyay<br>  Esha Bandyopadhyay (Bar No. 212249)<br>  bande@perkinscoie.com<br>101 Jefferson Drive<br>Menlo Park, California 94025-1114<br>Phone: (650) 838-4370<br>Fax:   (650) 838-4350 | By: /s/ John C. Gorman<br>  John C. Gorman (Bar No. 91515)<br>  jgorman@gormanmiller.com<br>  Charles J. Stiegler (Bar No. 245973)<br>  cstiegler@gormanmiller.com<br>210 North Fourth St., Suite 200<br>San Jose, California 95112<br>Phone: (408) 297-2222<br>Fax:   (408) 297-2224 |
| YARMUTH WILSDON CALFO PLLC | INTERACTION LAW |
| By: /s/ Jeremy E. Roller<br>  Scott T. Wilsdon (*pro hac vice*)<br>  wilsdon@yarmuth.com<br>  Jeremy E. Roller (*pro hac vice*)<br>  jroller@yarmuth.com<br>  Matthew A. Carvalho (Bar No. 194163)<br>  mcarvalho@yarmuth.com<br>925 Fourth Avenue, Suite 2500<br>Seattle, Washington 98104<br>Phone: (206) 516-3800<br>Fax:   (206) 516-3888 | By: /s/ John T. Mitchell<br>  John T. Mitchell (*pro hac vice*)<br>  mitchell@interactionlaw.com<br>1629 K Street, NW<br>Suite 300<br>Washington, DC 20006<br>Phone: (202) 415-9213<br>Fax:   (202) 318-9169 |
| Attorneys for Plaintiff<br>**MICROSOFT CORPORATION** | Attorneys for Defendants<br>**A&S ELECTRONICS and ALAN Z. LIN** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following parties and/or counsel of record, by the means designated below, this 12th day of August, 2008.

**Counsel for Defendants**

John C. Gorman
Gorman & Miller, P.C.
210 North Fourth St., Suite 200
San Jose, CA 95112
Email: jgorman@gormanmiller.com

John T. Mitchell
Interaction Law
1629 K Street, NW
Suite 300
Washington, DC 20006
Email: mitchell@interactionlaw.com

☐ Via Email
☐ Via Facsimile
☐ Via Federal Express
☐ Via Hand Delivery
☐ Via U.S. Mail
☒ Via ECF Notification

YARMUTH WILSDON CALFO PLLC

By /s/ Jeremy E. Roller
  Scott T. Wilsdon (*pro hac vice*)
  Jeremy E. Roller (*pro hac vice*)
  Matthew A. Carvalho (Bar No. 194163)
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
(206) 516-3800
(206) 516-3888 (Facsimile)
wilsdon@yarmuth.com
jroller@yarmuth.com
mcarvalho@yarmuth.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

425.32 ih121502 8/12/08